**HARDIN KUNDLA McKEON & POLETTO, P.A.**
110 William Street, 25th Floor
New York, NY 10038
(212) 571-0111
By: Stephen J. Donahue (SD - 5138)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
MELANIE M. COLON,

         Plaintiff,

    - against -

BERNARDIN GUTIERR BERNABE,
SALEM TRUCK LEASING, INC. and
PIGTAINER, INC.,

         Defendants.
-----------------------------------X

CIVIL ACTION

Docket No.:

**JUDGE PRESKA**

**07 CV 3369**

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE, that defendants and petitioners, Bernardin Gutierr Bernabe, Salem Truck Leasing, Inc. and PigTainer, Inc., respectfully petition this court for removal of the above-entitled case from the Supreme Court of the State of New York for the County of Bronx to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1332(a) and 1441(b), and allege as follows:

1. The above-described civil action is one in which this court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this court by the petitioners, the defendants herein, pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, and is between citizens of different states.

2. On February 7, 2007, the plaintiff, Melanie M. Colon, filed a summons and complaint commencing this action with the Clerk of the Supreme Court of the State of New York for the County of Bronx (index no. 7519/07).

3. The Complaint seeks money damages for personal injuries arising out of a motor vehicle accident that happened on September 7, 2006, at the Cross Bronx Expressway service road at its intersection with Ellis Avenue, in the County of Bronx, State of New York. The Complaint alleges that the plaintiff Melanie M. Colon sustained "serious injury" as defined by New York State

Insurance Law §5102(d) and §5104 as a result of defendants' negligence.

The Citizenship of the Parties

4. Diversity jurisdiction exists because the parties of interest are citizens of different States.

5. No viable cause of action may be sustained by plaintiff against petitioner Salem Truck Leasing, Inc. This petitioner is the lessor of trucking equipment to lessee/defendant Bernardin Gutier Bernabe. By virtue of this lease and Title 49, United States Code, §30106 ("Graves Amendment"), this petitioner cannot be held liable by Plaintiff in State court. 49 U.S.C. 30106 prevents any State claim for liability arising out of the use, operation or possession of the leased vehicle during the lease period provided that there is no negligence or criminal wrongdoing on the part of the vehicle lessor. At the time of the accident, the vehicle allegedly involved in this action was owned by Salem Truck Leasing, Inc. and leased to PigTainer, Inc.

6. The Complaint alleges at paragraph "1" that the plaintiff is a resident of the County of Bronx, State of New York.

7. The Complaint alleges at paragraph "8" that the defendant and petitioner, PigTainer, Inc. maintained a principle place of business in the County of Union, State of New Jersey.

8. The Complaint alleges at paragraph "3" that the defendant and petitioner, Bernardin Gutier Bernabe is a resident of the County of Passaic, State of New Jersey.

9. The Summons alleges that the basis of venue is that plaintiff resides in the City and State of New York, County of Bronx.

10. Petitioner Salem Truck Leasing, Inc. is a nominal defendant and its presence in the action cannot defeat diversity jurisdiction. Therefore, based upon the allegations made by way of Complaint, all interested parties are citizens of different states within the meaning of 28 U.S.C. §1332(a)(1).

The Amount In Controversy

11. The complaint contains an ad damnum that seeks monetary damage in an amount "exceeding the jurisdictional limitations of all lower courts of the State of New York." This ad damnum conforms to the requirements of CPLR 3017(c) but does not provide a basis for removal. See Gershoff v. Stop & Shop Supermarket Co., 2006 WL 1367397 (E.D.N.Y. 2006) (holding that under the current version of CPLR 3017(c), the thirty (30) day period for removal begins only upon the defendant's receipt of a "pleading, motion, order or other paper" from which it can be ascertained that the case is one which is or has become removable).

12. In it's Verified Bill of Particulars dated March 28, 2007, Plaintiff alleges to have sustained a circumferential herniated disc at C4/5; central bulging disc at C5/6; focal left

herniated disc at L4/5; focal left herniated disc at L5/S1; bilateral C6 sprain/strain; bilateral lumbar radiculopathy L5/S1; cervical myofascitis; straightening of the normal cervical lower lordotic curvature; cervical sprain, cervical sprain spasm and/or stress, and a series of boiler plate injuries related to the back.

13. This was Petitioner's first Notice of Plaintiff's alleged damages. Based upon the foregoing, removal is sought within thirty (30) days of receipt by the petitioners and defendants of a copy of the papers upon which it could first be ascertained that this action had become removable, and is made within one year of commencement of the action under the provisions of 28 U.S.C. § 1446.

14. By reason of the initial pleadings, and the writing from which the plaintiff's damages could be first be ascertained, removal is requested under the provisions of 28 U.S.C. § 1332.

15. These defendants and petitioners have provided written notice of this Notice of Removal to counsel for the plaintiff and a true and complete copy of this Notice of Removal will be filed in the state court.

WHEREFORE, petitioner prays that the above action now pending against it in the Supreme Court, Bronx County, State of New York, be removed to this court.

Respectfully,

HARDIN, KUNDLA, McKEON &
POLETTO, P.A.
Attorneys for Defendants
Bernardin Gutierr Bernabe, Salem Truck
Leasing, Inc. and PigTainer, Inc.
110 William Street
New York, New York 10038
(212) 571-0111

By: _____
Stephen J. Donahue (SD-5138)