UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No.:
MELANIE M. COLON,                                               07 CV 3369 (LAP) (AJP)

              Plaintiff(s),                         **NOTICE OF MOTION
                                                                TO REMAND**

     -against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

             Defendant(s),
------------------------------------------------------------X

    **PLEASE TAKE NOTICE**, that upon the annexed affidavit of **JOHN O'HALLORAN, ESQ.** dated the 18th day of May, 2007, the Plaintiff will move this Court before the Honorable Justice Loretta A. Presca, U.S.D.J. at the United States Courthouse, 500 Pearl Street, New York, New York 10007 on the 8th day of June at 10:30 o'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an Order pursuant to 28 U.S.C.A. Section 1446 remanding the present action back to Supreme Court of the State of New York, County of Bronx, under Index No.: 7519/07, together with such other and future relief as to this Court may deem just, proper and equitable.

Dated:     BRONX, NY
            May 18, 2007

                                         Yours, etc.,
                                         THE LAW OFFICE OF THOMAS J. LAVIN, P.C.
                                         Attorneys for Plaintiff
                                         MELANIE M. COLON
                                         2980 Bruckner Boulevard
                                         Bronx, NY 10465
                                         (718) 829-7400

                                By:    JOHN O'HALLORAN, ESQ. (JO-8715)

TO: Stephen J. Donahue, Esq.
Hardin, Kundla, McKeon & Poletto, P.A.
Attorneys for Defendants
BERNARDIN GUTIERR BERNABE,
PIGTAINER INC. & SALEM
TRUCK LEASING INC.
110 William Street
New York, New York 10038
(212) 571-0111

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MELANIE M. COLON,

        Plaintiff(s),

-against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),
------------------------------------------------------------------X

Case No.:
07 CV 3369 (LAP) (AJP)

**AFFIDAVIT IN SUPPORT
OF MOTION TO REMAND**

STATE OF NEW YORK
COUNTY OF BRONX

    JOHN O'HALLORAN, ESQ., being an attorney duly admitted to practice law in the Federal Courts of the State of New York, deposes and states the following:

    1.    I am an attorney with **THE LAW OFFICE OF THOMAS J. LAVIN, P.C.**, attorneys for the Plaintiff, **MELANIE COLON**, and as such am fully familiar with all of the facts and circumstances of the within action.

    2.    This affidavit is submitted in support of the within motion requesting an order directing that the Court remand the entire action back to the State Supreme Court, Bronx County, on the grounds that the defendants have not met their burden of proof of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum, together with such other and further relief as to this Court may deem just, proper and equitable.

    3.    The basis of this application is that diversity jurisdiction does not exist and further that the defendants have failed to meet their burden of proof of establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum. The defendants' Notice of Removal, without original attachments, is attached hereto as **Exhibit A**. The defendants' Notice of Removal was filed with this Court on April 27, 2007, therefore the instant motion to remand is timely.

## BACKGROUND:

    4.    The within action arises from an incident occurring on September 7, 2006 when the Plaintiff, MELANIE COLON, alleges to have sustained personal injuries when she was struck by a vehicle owned by defendants SALEM TRUCK LEASING, INC. and PIGTAINER INC. and operated by defendant BERNARDIN GUTIERR BERNABE on the Cross Bronx

Expressway service road at or near its intersection with Ellis Avenue, in the County of Bronx, State of New York.

5. A summons and verified complaint with venue originally being established in Supreme Court, Bronx County, was filed with the County Clerk of Bronx County on February 8, 2007. A copy of Plaintiff's summons and verified complaint is attached hereto as **Exhibit B**.

6. Subsequently, your deponent's office received an Answer on behalf of the defendants on or about March 9, 2007, together with various demands, including a demand for a verified bill of particulars. Plaintiff draws this Honorable Court's attention to the fact that the defendants' March 9, 2007 Answer and Demands did not contain a Demand for Supplemental Relief, pursuant to C.P.L.R. 3017(c). At no time since the defendants served their March 9, 2007 demands, and up to and including the present time, have the defendants served a Demand for Supplemental Relief. Furthermore, the defendants' Notice of Removal does not indicate that such a demand was ever made.

7. Plaintiff subsequently served a verified bill of particulars on or about March 30, 2007. A copy of the defendants' demand for a bill of particulars is attached hereto as **Exhibit C** and a copy of Plaintiff's verified bill of particulars is attached hereto as **Exhibit D**.

### LACK OF DIVERSITY OF CITIZENSHIP OF THE PARTIES:

8. The Plaintiff states in her verified complaint that she is a resident of the County of Bronx, State of New York (see paragraph 1 **Exhibit B**). It is further alleged that the defendant, Salem Truck Leasing, Inc. was a domestic business corporation duly organized and existing under and by virtue of the law of the State of New York, with a principle place of business in the County of Kings, State of New York (see paragraphs 2 and 4 of **Exhibit B**). Accordingly, there is a lack of diversity of citizenship of the parties.

9. The defendants allege in their Notice for Removal that diversity jurisdiction exists because the parties are from different states, alleging that no viable case of action may be sustained by the Plaintiff against defendant Salem Truck Leasing, Inc., pursuant to the Graves Amendment (49 U.S.C. 30106). This assertion is entirely incorrect. It is the Plaintiff's position that there is in fact a viable claim against defendant Salem Truck Leasing, Inc. and as such, there is a lack of diversity of citizenship of the parties.

10. The Graves Amendment states, in pertinent part, that an owner of a motor vehicle that rents or leases the vehicle to a person shall not be liable for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle, provided that **"(2) there is no negligence or criminal wrongdoing on the part of the owner..."**

11. The Graves Amendment immunized leasing companies from vicarious liability, but **not against negligent maintenance** or negligent entrustment.

13.  The lease maintained between defendants Salem Truck Leasing and Bernadino Bernabe Gutierrez indicates that Salem Truck Leasing, Inc. is responsible for the maintenance and services of the leased vehicle. A copy of the relevant excerpt of this lease, page one, is attached hereto as **Exhibit E**. Specifically, Salem Truck Leasing, Inc. is to provide, inter alia, oil, lubricants, tires, tubes and all other operating supplies and accessories necessary for the proper operation of the vehicle, in addition to maintenance and repairs which may be required to keep the vehicle in good operating condition and appearance (see paragraph 3 of **Exhibit E**).

14.  Plaintiff's verified complaint (see paragraphs 20 and 32 of **Exhibit B**), alleged that the defendant, Salem Truck Leasing, Inc., was negligent in the maintenance and management, inter alia, of the vehicle involved in this accident. Furthermore, Plaintiff's bill of particulars further alleged that the defendants negligently maintained their vehicle (see paragraph 16 of **Exhibit D**).

15.  At this juncture, it has not been determined what was the cause of the Plaintiff's accident on the part of the defendants. Negligent maintenance and management of the defendants' vehicle could have caused or contributed to the Plaintiff's accident, which negligence would be directly attributed to defendant Salem Truck Leasing, Inc. The defendants' depositions have not yet taken place, and as such, it cannot be determined at this time that defendant Salem Truck Leasing, Inc. is free from negligence.

16.  It is respectfully submitted that the Notice of Removal is not in accordance with the provisions contained in 28 U.S.C. Section 1446(c)(4). There is no diversity of citizenship, as the Plaintiff, Melanie Colon, is a resident of New York State and the defendant, Salem Truck Leasing, Inc. maintains a principle place of business in New York State.

### THE AMOUNT IN CONTROVERSY:

17.  The defendants state that removal is sought within thirty (30) days of receipt of papers served by the Plaintiff upon which it could first be ascertained that this action had become removable, which defendants claim is Plaintiff's verified bill of particulars. This assertion is conclusory and facially insufficient.

18.  The United States Court of Appeals for the Second Circuit has held that the "removing defendant has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount" (Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000). The defendants' Notice of Removal provides no details about the specific damages sought by the Plaintiff.

19.  The defendants have made no attempt to obtain the necessary information. Specifically, the defendants have failed to serve a C.P.L.R. 3017(c) demand, requesting that the Plaintiff state the amount of money that she deems herself entitled to. Thus, defendants' Notice of Removal is procedurally defective.

20. The defendants have failed to meet their burden of establishing, to a reasonable probability, that the claim is in excess of the jurisdictional minimum. The Court in Gershoff v. Stop & Shop Supermarket Co., 2006 WL 1367397 (E.D.N.Y. 2006) held that the defendants had failed to meet their burden in establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum by failing to attempt to seek supplemental information under State law before attempting to remove the case to Federal Court.

21. It is respectfully submitted that the Notice of Removal is procedurally defective pursuant to the provisions contained in 28 U.S.C. Section 1446(c)(4). The defendants have failed to utilize their available means to ascertain the value of the Plaintiff's damages and have failed to carry their burden of demonstrating by a preponderance of the evidence that there is a reasonable probability that the amount in controversy exceeds the jurisdictional amount.

22. It is also respectfully submitted that the Court remand this matter back to the State Supreme Court, Bronx County, for disposition.

WHEREFORE, it is respectfully submitted that the instant motion be granted, remanding the present action back to Supreme Court of the State of New York, County of Bronx, under Index Number 7519/07 for disposition, together with such other and further relief as this Court may deem just, proper and equitable.

*John o' Halloran*
JOHN O'HALLORAN, ESQ. (JO-8715)

Sworn to before me this
18th day of May, 2007

*Christine T. Nannetti*
Notary Public

CHRISTINE T. NANNETTI
Notary Public, State of New York
Qualified in Bronx County
No. 01NA6129891
Commission Expires July 5, 2009

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELANIE M. COLON,

        Plaintiff(s),

   -against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),
------------------------------------------------------------X

Case No.:
07 CV 3369 (LAP) (AJP)

**PROPOSED DECISION AND ORDER**

HON. LORETTA A. PRESCA

    Plaintiff's motion to remand this matter to New York State Supreme Court, County of Bronx, under Index Number 7519/07, is hereby granted.

    The Plaintiff's personal injury action is hereby remanded to Bronx Supreme Court under Index Number 7519/07.

    This constitutes the decision and order of this Court.

Dated: _____

                                 E N T E R :

                              _____
                              HON. LORETTA A. PRESCA

07 CV 3369 (LAP) (AJP)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

MELANIE M. COLON,

        Plaintiff(s),

  -against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),

-------------------------------------------------------X

## NOTICE OF MOTION TO REMAND

### THE LAW OFFICE OF THOMAS J. LAVIN
*Attorneys for Plaintiff*
**2980 Bruckner Boulevard**
**Bronx, NY 10465**
**(718)829-7400**

TO:  Stephen J. Donahue, Esq.
       Hardin, Kundla, McKeon & Poletto, P.A.
       Attorneys for Defendants
       PIGTAINER INC., BERNARDIN GUTIERR
       BERNABE & SALEM TRUCK LEASING INC.
       110 William Street
       New York, New York 10038
       (212) 571-0111