*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

------------------------------X
MELANIE M. COLON,

       Plaintiff,

-against-

BERNARDIN GUTIERR BERNABE,
SALEM TRUCK LEASING, INC. and
PIGTAINER, INC.

       Defendants.

------------------------------X

Case No. 07 CV 3369 (LAP)(AJP)

**AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

    **DAVID C. BLAXILL, ESQ.**, an attorney being duly admitted to practice law in the United States District Court, Southern District of New York affirms the following:

    1.    I am an associate with the law firm Hardin, Kundla, McKeon & Poletto, P.A., attorneys for the Defendants, BERNARDIN GUTIERR BERNABE, SALEM TRUCK LEASING, INC. and PIGTAINER, INC., and as such am fully familiar with the facts and circumstances of the within action.

    2.    This Affidavit is submitted in Opposition of Plaintiff's Motion to Remand this action to the Supreme Court of the State of New York, County of Bronx, on the grounds that the Defendants have allegedly not met their burden of proof establishing to a reasonable probability that the claim is in excess of the jurisdictional minimum and there is a lack of diversity of citizenship.

**BACKGROUND**

    3.    This action arises from a motor vehicle accident which occurred on September 7, 2006 when Defendant, BERNARDIN GUTIERR BERNABE was operating a motor vehicle traveling Southbound on the Cross Bronx Expressway Service Road at its intersection with Ellis Avenue, County of Bronx, State of New York. The subject accident occurred when Plaintiff, Melanie Colon, entered Defendant BERNABE's

lane of travel and struck the tractor owned by Defendant, SALEM TRUCK LEASING, INC.

4. This action was commenced by the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, County of Bronx, on February 8, 2007. A copy of Plaintiff's Summons and Verified Complaint is attached hereto as **Exhibit A**.

5. Defendants joined Issue on March 9, 2007, with the service of a Verified Answer. A copy of Defendants' Verified Answer is attached hereto as **Exhibit B**.

6. Also on March 9, 2007, Defendants served a Demand for a Bill of Particulars upon Plaintiff. A copy of Defendants' Demand for a Bill of Particulars is attached hereto as **Exhibit C**.

7. Plaintiff served a Verified Bill of Particulars on March 30, 2007. A copy of Plaintiff's Verified Bill of Particulars is attached hereto as **Exhibit D**.

## DIVERSITY OF CITIZENSHIP OF THE PARTIES

8. It is undisputed that Plaintiff, MELANIE COLON, is a resident of the County of Bronx, State of New York. This fact is alleged in her Complaint (see Paragraph 1 of **Exhibit A**).

9. Also, it is undisputed that Defendant, BERNARDIN GUTIERR BERNABE, is a resident of the County of Passaic, State of New Jersey. (See Paragraph 3 of **Exhibit A**).

10. Defendant, PIGTAINER, INC., is an entity incorporated in the State of New Jersey and is not incorporated in the State of New York. Also, it maintains its principal place of business in the State of New Jersey. (See the Declaration of Jeffrey Essenfeld attached hereto as **Exhibit E**). Therefore, Plaintiff incorrectly stated the corporate status of PIGTAINER, INC. in it's Complaint. (See Paragraphs 6 and 7 of **Exhibit A**). Finally, Defendants denied these same allegations in it's Verified Answer. (See paragraphs 6 and 7 of **Exhibit B**).

11. Further, Defendants respectfully direct the Court's attention to the fact that the citizenship of PIGTAINER, INC. was not addressed by Plaintiff in it's Motion to Remand. Thus, Plaintiff failed to preserve any potential argument regarding the citizenship of PIGTAINER, INC.

12. Finally, as established by the case law set forth *infra*, and the Affidavit of Defendant BERNARD GUTIERR BERNABE; (attached hereto as **Exhibit F**), Defendant SALEM TRUCK LEASING, INC., an entity incorporated in the State of New York, is a nominal party. Thus, it's citizenship and presence in this matter shall not defeat diversity jurisdiction.

13. In The Federal Insurance Co. v. Tyco International Ltd., et al., this Court held:

> It is a well settled general principle that ... diversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of nominal or formal parties. Parties that are considered nominal are those that have no personal stake in the outcome of the litigation and who are not necessary to an ultimate resolution.

422 F. Supp. 2d 357, 388 (S.D.N.Y. 2006) (citing, McAlpin v. RLI Ins. Co., 320 F. Supp. 2d 42, 43 (W.D.N.Y. 2004)[citations omitted]).

14. Cases arise in the Federal courts in which nominal or even immaterial parties are joined ... and where that is so, the rule is settled that the mere fact that one or more such parties reside in the same state with one of the actual parties to the controversy will not defeat the jurisdiction of the court. Id. (quoting Walden v. Skinner, 101 U. S. 577, 589, 25 L.E. d, 963 (1879)). See, Raphael v. 18 Restaurant, Inc., et al., 954 F. Supp. 549 (E.D.N.Y. 1996); Nannuzzi v. King, 660 F. Supp. 1445 (S.D.N.Y. 1987); Saxe, Bacon & Bowlan v. Martindale-Hubbell, Inc., 521 F. Supp. 1046 (S.D.N.Y. 1981).

15. This Court has also held that, "the removing party bears the burden of demonstrating that a non-diverse defendant is a formal or nominal party whose citizenship may be ignored for diversity purposes." Id. (citing, McAlpin, 320 F. Supp. 2d at 43 [citations omitted]). Further, this Court detailed the removing party's burden of proof by holding:

> The party that removes the action to Federal Court ... has a heavy burden of proving by clear and convincing evidence that a Court should disregard the citizenship of a non-diverse party by setting forth ... 'that there is no possibility based on the pleading

>     ... that a plaintiff can state a cause of
>     action against the non-diverse defendants in
>     state court.'

<u>Id.</u> (citing, <u>New York State Ins. Fund</u>, 2004 U.S. Dist. Lexis 3124, 2004 WL 385033).

16. Defendant, SALEM TRUCK LEASING, INC., executed a lease with Defendant, BERNARDIN GUTIERR BERNABE on August 6, 1998. (See a copy of the truck lease attached hereto as **Exhibit G**).

17. By virtue of this lease, Defendant, SALEM TRUCK LEASING, INC., retained certain maintenance responsibilities relative to the subject vehicle. The subject vehicle was properly maintained and in proper working condition, both before and after the subject accident. (See the Affidavit of BERNARDIN GUTIERR BERNABE attached hereto as **Exhibit F**). Considering that the subject vehicle was properly maintained, Plaintiff cannot establish a claim based upon negligence - albeit negligent maintenance or any other form, against Defendant SALEM TRUCK LEASING, INC.

18. As this Court is aware, Title 49 U.S.C. 30106 prevents any state claim for liability arising out of the use, operation or possession of the leased vehicle during the lease period providing that there is no negligence or criminal wrong doing on the part of the lessor.

19. A review of Plaintiff's Complaint does not reveal that Plaintiff alleged criminal wrongdoing on the part of SALEM TRUCK LEASING, INC. (See a copy of Plaintiff's Complaint attached hereto as **Exhibit A**). Also, as established above, Plaintiff cannot prove that the subject vehicle was negligently maintained.

20. The citizenship of SALEM TRUCK LEASING, INC., a New York corporation, may be ignored for diversity purposes. SALEM TRUCK LEASING, INC. is a nominal party that has no personal stake in the outcome of this litigation and is not necessary to its ultimate resolution. It is established through the Affidavit of Defendant, BERNARDIN GUTIERR BERNABE, that the subject motor vehicle was properly maintained and in proper working condition, both before and after the subject accident. Considering these facts, the case law set forth above, and 49 U.S.C. 30106, Plaintiff cannot maintain any action against SALEM TRUCK LEASING, INC.

21. Therefore, Defendants have established that diversity of citizenship exists amongst all parties in this matter by clear and convincing evidence. As such, Plaintiff's Motion to Remand must be denied.

## THE AMOUNT IN CONTROVERSY

22. The Complaint contains an ad damnum clause that seeks monetary damage in an amount "exceeding the jurisdictional limitations of all lower courts of the State of New York." This ad damnum conforms to the requirements of C.P.L.R. 3017(c) but does not provide a basis for removal. See Gershoff v. Stop & Shop Supermarket Co., 2006 WL 1367397 (E.D.N.Y. 2006) (holding that under the current version of C.P.L.R. 3017(c), the thirty (30) day period for removal begins only upon the defendant's receipt of a "pleading, motion, order or other paper" from which it can be ascertained that the case is one which is or has become removable).

23. Defendants served a Demand for a Bill of Particulars pursuant to C.P.L.R. 3041 to 3044 upon Plaintiff's counsel on March 9, 2007 (See Defendants' Demand for a Bill of Particulars attached hereto as **Exhibit C**). Plaintiff supplied a Verified Bill of Particulars on March 28, 2007 through which it seeks recovery for a circumferential herniated disc at C4/5; central bulging disc at C5/6; focal left herniated disc at L4/5; focal left herniated disc at L5/S1; bilateral C6 sprain/strain; bilateral lumbar radiculopathy L5/S1; cervical neuritis; cervical radiculopathy; cervical myofascitis; straightening of the normal cervical lower lordotic curvature; cervical sprain, sprain spasm and/or stress; and a series of boiler plate injuries related to the back (See Plaintiff's Verified Bill of Particulars attached hereto as **Exhibit D**.)

24. Based upon the foregoing, removal was sought within thirty (30) days of receipt of a copy of the papers upon which it could first be ascertained that this action had become removable, and is made within one year of commencement of the action under the provisions of 28 U.S.C. 1446.

25. Plaintiff's assertion that Defendants must serve a C.P.L.R. 3017(c) notice to specify the amount in controversy before removing this matter from State to Federal Court is wholly incorrect. Federal statutes do not mandate that the exact amount in controversy be established before removal. Rather, the controlling statute, 28 U.S.C. 1446, merely requires that the matter must be removed within thirty (30) days of the date upon which it may be first ascertained (emphasis added) that the action had become removable.

26. Plaintiff correctly cites Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 219, 296 (2d Cir. 2000). However, Mehlanbacher

actually supports the Defendants' position. It provides that, "[the removing party] has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Id. (citing, United Food & Commercial Workers Local Union 919 v. Centermark Properties Meriden Square, 30 F.3d 298 (2d Cir. 1994)).

27. In the case at bar, Defendants removed this matter only after receiving and analyzing Plaintiff's Bill of Particulars. Considering the plethora of spinal injuries alleged by Plaintiff, there is a reasonable probability that it's claim exceeds the statutory jurisdictional amount.

28. Plaintiff also cites Gershoff v. Stop & Shop Supermarket Co., 2006 WL 1367397 (E.D.N.Y., May 16, 2006). However, Plaintiff again cites a case that supports Defendants' position. Plaintiff summarizes the holdings of Gershoff to declare that defendants must first sought supplemental information under State law before attempting to remove a case to Federal Court. This argument is without merit.

29. In Gershoff, the Court held that the defendant, Stop & Shop Supermarket, Co., should have first sought a Supplemental Bill of Particulars pursuant to C.P.L.R. 3017(c). However, the Court did not declare that all defendants must seek supplemental information before removal. These conclusions were based upon the particular facts of Gershoff. Specifically, the Court found that it could not "intelligently ascertain removability" based upon Plaintiff's boilerplate allegations. The Court described Plaintiff's "most serious" allegations as follows:

> [Plaintiff] was caused to sustain serious injuries and have suffered pain, shock, [and] mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries [Gershoff] has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, [Gershoff] was, and will continue to be, rendered unable to perform [her] normal activities and duties and has sustained a resultant loss therefrom.

Id. at pgs. 4-5.

30. The allegations set forth in Gershoff above are in stark contrast to the allegations of Plaintiff in the case at bar. In this case, Plaintiff lists specific spinal injuries of a permanent

nature. (See paragraph 2 of Plaintiff's Verified Bill of Particulars annexed hereto as **Exhibit D**). Based upon these allegations, Defendants have "intelligently ascertained" the removability of this matter. Thus, Plantiff's alleged damages exceed the jurisdictional minimum.

31. Based upon the foregoing, Defendants maintain that it's Notice of Removal is not procedurally defective. Defendants have established complete diversity of citizenship and have proven that the amount in controversy "reasonably" exceeds the jurisdictional minimum.

WHEREFORE, it is respectfully submitted that Plaintiff's Motion to Remand this action to the Supreme Court of the State of New York, County of Bronx, be denied in its entirety; together with such other relief as this Court deems just, proper and equitable.

I declare pursuant to 28 U.S.C. 1746 and under the penalty of perjury that the forgoing is true and accurate.

Dated:   New York, NY
         June 1, 2007          **HARDIN KUNDLA MCKEON &
                               POLETTO, P.A.**

                               By: **/s/ David C. Blaxill**
                               David C. Blaxill, Esq.(graceb)
                               110 William Street, 25th Floor
                               New York, New York  10038
                               (212) 571-0111
                               *Attorneys for Defendants*


TO:   Thomas J. Lavin, Esq.
      LAW OFFICES OF THOMAS J. LAVIN
      2980 Bruckner Boulevard
      Bronx, New York 10465
      *Attorney for Plaintiff, Melanie M. Colon*

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies pursuant to 28 U.S.C. 1746, a true and correct copy of the above and foregoing was sent to the following:

Thomas J. Lavin, Esq.
LAW OFFICES OF THOMAS J. LAVIN
2980 Bruckner Boulevard
Bronx, New York 10465
*Attorney for Plaintiff, Melanie M. Colon*

by facsimile, electronic transmission and regular mail under the care and custody of the United States Postal Service in a properly postpaid and mailed envelope.

    By: **/s/ David C. Blaxill**
    David C. Blaxill, Esq. (graceb)

*Index No.* 7519/07                    *Year*

---

MELANIE M. COLON

                              Plaintiff

-against-

BERNARDIN GUTIERR BERNABE, et. al.,

                              Defendants

---

**DEFENDANTS' AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

---

HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
*Attorneys for Defendants*

*Office Address & Tel. No.:*
110 William Street
New York, New York 10038
(212)571-0111

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* June 1, 2007          Signature ..................................................

                              Print Signer's Name  Anthony P. Terranova

*Service of a copy of the within*                                   *is hereby admitted.*

*Dated:*
                              ..................................................
                              *Attorney(s) for*

---

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court,*
*at*
*on                    , at           M.*

*Dated:*

                              *Attorney(s) for*

                                        *Office Address & Tel. No.:*

TO:

*Attorney(s) for*