SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------X
MELANIE M. COLON,

        Plaintiff,

-against-

BERNARDIN GUTIERR BERNABE,
SALEM TRUCK LEASING, INC. and
PIGTAINER, INC.

        Defendants.
------------------------------X

Index No. 7519/07

**VERIFIED ANSWER**

    Defendants, BERNARDIN GUTIERR BERNABE, SALEM TRUCK LEASING, INC. and PIGTAINER, INC., by way of Answer to the Complaint, say:

### FIRST COUNT

    1. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph One of the Complaint.

    2. These defendants admit the allegations contained in Paragraph Two of the Complaint.

    3. These defendants admit the allegations contained in Paragraph Three of the Complaint.

    4. These defendants admit the allegations contained in Paragraph Four of the Complaint.

    5. These defendants admit the allegations contained in Paragraph Five of the Complaint.

    6. These defendants deny the allegations contained in Paragraph Six of the Complaint.

    7. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph

Seven of the Complaint.

8. These defendants admit the allegations contained in Paragraph Eight of the Complaint.

9. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Nine of the Complaint.

10. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Ten of the Complaint.

11. These defendants deny the allegations contained in Paragraph Eleven of the Complaint.

12. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twelve of the Complaint.

13. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirteen of the Complaint.

14. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Fourteen of the Complaint.

15. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Fifteen of the Complaint.

16. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Sixteen of the Complaint.

17. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Seventeen of the Complaint.

18. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Eighteen of the Complaint.

19. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Nineteen of the Complaint.

20. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty of the Complaint.

21. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-One of the Complaint.

22. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Two of the Complaint.

23. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Three of the Complaint.

24. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Four of the Complaint.

25. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph

Twenty-Five of the Complaint.

26. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Six of the Complaint.

27. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Seven of the Complaint.

28. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Twenty-Eight of the Complaint.

29. These defendants deny the allegations contained in Paragraph Twenty-Nine of the Complaint.

30. These defendants deny the allegations contained in Paragraph Thirty of the Complaint.

31. These defendants deny the allegations contained in Paragraph Thirty-One of the Complaint.

32. These defendants deny the allegations contained in Paragraph Thirty-Two of the Complaint.

33. These defendants deny the allegations contained in Paragraph Thirty-Three of the Complaint.

34. These defendants deny the allegations contained in Paragraph Thirty-Four of the Complaint.

35. These defendants deny the allegations contained in Paragraph Thirty-Five of the Complaint.

36. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph

Thirty-Six of the Complaint.

37. These defendants have insufficient knowledge or information to admit or deny the allegations contained in Paragraph Thirty-Seven of the Complaint.

38. These defendants deny the allegations contained in Paragraph Thirty-Eight of the Complaint.

Defendants, BERNARDIN GUTIERR BERNABE, SALEM TRUCK LEASING, INC. and PIGTAINER, INC., reserve the right to amend this answer and to assert additional defenses and/or supplement, alter or change the answer upon completion of appropriate investigation and discovery.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by the plaintiff were caused by her sole, contributory or comparative negligence and in plaintiff's failure to make proper observations and exercise reasonable care under the existing circumstances.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by acts of third persons, entities or conditions over whom these defendants had no control and/or no duty to control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

While denying any negligence on the part of these defendants, should it be adjudged otherwise, then these defendants liability should be limited as provided by the terms and provisions of Article 14 of the New York Civil Practice Law & Rules.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

While denying any negligence on the part of these defendants, should it be adjudged otherwise, then defendants' liability should be limited or plaintiff barred from recovery as provided by the terms and provisions of Article 14A of the New York Civil Practice Law & Rules.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by plaintiff were the result of an independent, intervening cause for which these defendants may not be held liable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

While denying any negligence on the part of these defendants, should it be adjudged otherwise, then defendants' liability should be limited as provided by the terms and provisions of Article 16 of the New York Civil Practice Law & Rules.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained a serious injury as defined by Insurance Law Section 5102(d).

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained economic loss greater than basic economic loss as defined by Insurance Law Section 5102.

**WHEREFORE**, Defendant, PIGTAINER, INC., BERNARDIN GUTIERR BERNABE and SALEM TRUCK LEASING, INC. demand judgment dismissing the Complaint along with the costs and disbursements of this action.

Dated:     New York, New York
           March 9, 2007

                                   HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
                                   Attorneys for Defendant, PIGTAINER,
                                   INC., BERNARDIN GUTIERR BERNABE and
                                   SALEM TRUCK LEASING, INC.
                                   110 William Street
                                   New York, New York 10038
                                   (212) 571-0111

                           By:     _____
                                   Stephen J. Donahue

VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

Stephen J. Donahue, an attorney duly admitted to the practice of law in the Courts of the State of New York, says:

I am an attorney with the firm of Hardin, Kundla, McKeon & Poletto, P.A., attorneys for Defendants, PIGTAINER, INC., BERNARDIN GUTIERR BERNABE and SALEM TRUCK LEASING, INC. in the within action. I have read the foregoing Verified Answer and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my own knowledge are a review of the files and documents furnished to me by the representatives of said defendant, and/or counsel for plaintiffs. This verification is being made by me because Defendant is not in the County where I maintain my office.

                                                _____
                                                Stephen J. Donahue, Esq.
                                                Attorney for Defendants, PIGTAINER,
                                                INC., BERNARDIN GUTIERR BERNABE and
                                                SALEM TRUCK LEASING, INC.

Index No. 7519/07     Year

MELANIE M. COLON

Plaintiff

-against-

BERNARDIN GUTIERR BERNABE, et. al.,

Defendants

VERIFIED ANSWER

HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
Attorneys for Defendants, PIGTAINER, INC., BERNARDIN GUTIERR BERNABE and SALEM TRUCK LEASING, INC.

Office Address & Tel. No.:
110 William Street
New York, New York 10038
(212) 571-0111

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 9, 2007

Signature ..................
Print Signer's Name  Stephen J. Donahue

is hereby admitted.

Service of a copy of the within

Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

NOTICE OF ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court,

NOTICE OF SETTLEMENT

at     , at    M.
on

Dated:

Attorney(s) for