SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

MELANIE M. COLON,

        Plaintiff(s),

     -against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),

----------------------------------------------------------------X

**VERIFIED BILL**
**OF PARTICULARS**

Index No.: 7519/07

     Plaintiff, by her attorney, THE LAW OFFICE OF THOMAS J. LAVIN, responding to the

demands of defendant BERNARDIN GUTIERR BERNABE, SALEM TRUCK LEASING, INC.

and PIGTAINER INC for a Bill of Particulars, alleges, upon information and belief, as follows:

    1.     The occurrence took place on September 7, 2006 at approximately 04:50PM. The

occurrence took place at Cross Bronx Expressway service road at its intersection with Ellis Avenue,

County of Bronx, State of New York.

    2.     As a result of this occurrence, plaintiff sustained the following injuries:

         - Circumferential herniated disc at C4/5;

         - Central bulging disc at C5/6.

         - Focal left herniated disc at L4/5.

         - Focal left herniated disc at L5/S1.

         - Bilateral C6 sprain/strain.

         - Bilateral lumbar radiculopathy L5/S1.

         - Cervical neuritis; cervical radiculopathy; cervical myofascitis; straightening

of the normal cervical lordotic curvature; cervical sprain, strain spasm and/or stress; lumbosacral

radiculopathy; lumbosacral sprain, strain, spasm and/or stress; lumbago; lumbosacral myofascitis; lumbosacral neuritis; straightening of the normal lumbar lordotic curvature; tears, sprains, strains, spasm, stress, tenderness, derangement, dislocation, degeneration, scarring, swelling, chrondomalacia, bruising, impingement, contusions and/or abrasions of the ligaments, tendons, cartilage, muscles, nerves, tissues, with loss and/or limitations of use and/or range of motion of the spinal area; severe pain and/or arthritic conditions of the head, cervical spine, lumbar spine and/or sacral spine; serious and severe pain; all injuries were caused, created, precipitated, protracted and/or induced by the negligence and statutory violations of the defendants.

The above have resulted in pain, tenderness, weakness, discomfort, aching, restriction of motion, numbness, stiffness, arthritis, osteoarthritis, atrophy, insomnia, deformity, the possible need for future surgery, scarring, spasm, stiffness, impairment of function, inability to stand and/or ambulate; soft tissue injury, swelling, partial and permanent loss of use of the cervical, lumbar and sacral spine areas and, as a result, the entire body.  The plaintiff also was and is required to take medication, with other side effects.

In addition, this plaintiff was required to undergo painful and uncomfortable testing and treatment and therapy.  Upon information and belief, all of the above injuries and/or their residuals, except those of a superficial nature, are of a permanent nature.

3.    Plaintiff sustained serious injury as defined by Section 5102 of the Insurance Law of the State of New York including, but not limited to permanent loss of use of a body organ, member, function or system; permanent consequential limitation of a use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents plaintiff from performing substantially all of

the material acts which constitute plaintiff's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence.

      4.     Plaintiff has sustained a loss in excess of the basic loss as defined by Section 5102 of the Insurance Law of the State of New York including, but not limited to, all necessary expenses incurred for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; psychiatric, physical and occupational therapy and rehabilitation; any other professional health services; and all other reasonable and necessary expenses incurred.

      5.     Upon information and belief, all injuries and their effects are permanent in nature.

      6.     (a) The Plaintiff was totally disabled from the time of the accident until September 11, 2007.

      (b) The Plaintiff is partially disabled through the present time.

      7.     (a) The Plaintiff was confined to bed for approximately four days subsequent to this accident, excluding necessary excursions, and will continue to be intermittently confined hereafter.

      (b) The Plaintiff was confined to home for approximately four days subsequent to this accident, excluding necessary excursions, and will continue to be intermittently confined hereafter.

      (c) The Plaintiff was confined to Montefiore Medical Center/Einstein Division, 1825 Eastchester Road, Bronx, New York 10461 from September 7, 2006 - September 8, 2006.

      8.     Please see 7(c), supra.

      9.     Plaintiff is not presently claiming special damages, however Plaintiff reserves the right to claim special damages in the future.  Plaintiff's medical bills have been covered under her no-fault insurance, which is Amica Insurance Company, P.O. Box 400, Brookfield, Connecticut

06804. The claim number assigned to her no-fault file is L082006040880. Please see enclosed no-fault authorization.

10.    Please see attached authorizations setting for the name and address of all medical providers and/or physicians with whom the Plaintiff has consulted with relative to this accident.

11.    Plaintiff is not claiming lost wages relative to this accident.

12.    Plaintiff is not claiming lost wages relative to this accident.

13.    Plaintiff is not claiming lost wages relative to this accident.

14.    Plaintiff is not claiming lost wages relative to this accident.

15.    Not applicable.

16.    The above stated occurrence and the results thereof were in no way due to any negligence on the part of the plaintiff contributing thereto, but were caused by the negligence of the defendants and/or said defendants' agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of their said tractor trailer; in operating same without due regard to the rights and safety of the plaintiff; in failing to yield the right of way to the Plaintiff; in failing to obey the posted yield sign; in failing to apply their brakes; in failing to timely apply their brakes; in negligently accelerating when they should have applied their brakes; in operating their said motor vehicles in a manner which unreasonably endangered the plaintiff; in failing to properly steer, guide, manage and control their said tractor trailer; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in failing to have made adequate and timely observation of and response to conditions; in failing to observe signs and signals prevailing at the time and place of the occurrence; in failing

- 4 -

to keep a proper look-out when controlling their said vehicles; in failing to properly maintain their said vehicles according to law; in failing to give adequate and timely signal, notice or warning; in operating their said motor vehicles in violation of the traffic rules, regulations, statutes and ordinances in such cases made and provided; and in being careless, reckless and negligent in the ownership, maintenance, operation and control of their said motor vehicles.

17.    Defendants violated sections of the New York State Vehicle and Traffic Law and the New York City Traffic Rules and Regulations concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York including, but not limited to, Vehicle and Traffic Law Sections 365, 1101, 1110, 1128, 1140, 1142, 1172, 1180, and New York City Traffic Rules and Regulations Sections 4-02(c), 4-06 and 4-07(a).

18.    The accident falls within the motor vehicle exception of C.P.L.R. Section 1602.

Dated: Bronx, NY
     March 28, 2007

Yours, etc.,

Thomas J. Lavin, Esq.
THE LAW OFFICE OF THOMAS J. LAVIN
Attorneys for Plaintiff
MELANIE COLON
2980 Bruckner Boulevard
Bronx, NY  10465
(718)829-7400

TO:    Hardin, Kundla, McKeon & Poletto, P.A.
     Attorneys for Defendants
     PIGTAINER INC., BERNARDIN
     GUTIERR BERNABE &
     SALEM TRUCK LEASING INC.
     110 William Street
     New York, New York 10038
     (212) 571-0111