```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
MELANIE M. COLON,
                                    Case No. 07 CV 3369 (LAP) (AJP)
          Plaintiff,
                                          AFFIDAVIT OF
-against-                             BERNARDIN GUTIERR BERNABE

BERNARDIN   GUTIERR   BERNABE,
SALEM TRUCK LEASING, INC. and
PIGTAINER, INC.

          Defendants.

-------------------------------X

STATE OF JERSEY    )
                   ss.:
COUNTY OF PASSAIC  )
```

BERNARDIN GUTIERR BERNABE, being duly sworn, deposes and says:

1. I am a defendant in the above-entitled action. I currently reside at 234 President Street, 1st Floor, Passaic, New Jersey 07055.

2. On September 7, 2006, I was the operator of a motor vehicle traveling Southbound on the Cross Bronx Expressway Service Road near its intersection with Ellis Avenue, County of Bronx, State of New York. The service road consisted of two one-way lanes of traffic which are intersected at an angle by an exit ramp.

3. Prior to the subject accident, I exited the Cross Bronx Expressway and traveled to the end of an exit ramp which merges with the left lane of the service road. There was a "yield" sign placed at the end of the exit ramp governing traffic entering the service road from the ramp. My vehicle came to a complete stop at the end of the exit ramp, before entering the service road. At that

time, I observed Southbound traffic on the service road was stopped due to a red traffic control light at the intersection of the service road and Ellis Avenue. There were approximately four vehicles stopped between the entrance to the service road and intersection. I looked to the right and observed that Southbound traffic North of the exit ramp was stopped. I then moved forward until approximately one half of my tractor had safely entered the left lane of the service road. I then brought my vehicle to a stop again and waited for the traffic light to turn green and for the four vehicles ahead of me on the service road to proceed.

4. Once the traffic light turned green, I began to move the remainder of my vehicle into the left lane. However, at this time, I immediately felt Plaintiff's vehicle strike right side of my tractor. Plaintiff had forced her way into my lane and struck my vehicle as she attempted to move as the light turned green.

5. I came to a complete stop immediately after Plaintiff struck my vehicle. My vehicle never surpassed more than five miles per hour before the impact.

6. After the impact, I exited my vehicle to check for damage. I observed that the left-front wheel of Plaintiff's vehicle had contacted behind the right-front wheel of my tractor. There was minor damage to both vehicles. At this time, my vehicle was still at an angle with the cab of the tractor in the left lane and the remainder of the trailer in the service road exit ramp. I subsequently moved the vehicle to allow traffic to flow from the Cross Bronx Expressway.

7. Subsequently, an ambulance arrived at the accident scene. The paramedics asked if I needed medical attention. Immediately, I responded that I did not. Afterwards, I observed the paramedics ask Plaintiff if she needed medical attention. She initially refused any medical treatments.

8. My lane of travel, the Cross Bronx Expressway exit ramp, was controlled by a yield sign. I approached the yield sign and proceeded through it with all due caution. I obeyed all traffic rules and regulations and operated my vehicle in an appropriate manner. Plaintiff, however, operated her vehicle in a negligent and/or dangerous manner which caused her vehicle to contact mine.

9. Based on Plaintiff's actions, it is clear that Plaintiff's negligence was the sole cause of this accident in that Plaintiff failed to yield the right of way of my vehicle after it had already entered the left lane of the service road.

10. The tractor-trailer that I was operating on September 7, 2006 was properly maintained and in excellent running condition. I routinely inspect both the tractor and trailer prior to its operation, and did so on the date of the subject accident. On the date of the subject accident, I inspected all critical parts of the tractor and trailer's operating systems to ensure that they were working properly. These parts include, but are not limited to, the brakes, lines, air hoses, hoses, hose and/or line connections, hose and/or air connections, fluid levels, tires and tire pressure. All components were operating within normal limits both before and after the subject accident. After the subject accident, I

continued to operate my vehicle for the remainder of the day without any mechanical problems.

I swear that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment under penalties of perjury.

Dated:   New York, New York
         May 23, 2007

*[signature]*
BERNARDIN GUTIERR BERNABE

Sworn to before me

this 23rd day of May, 2007

*[signature]*
Notary Public

BARBARA FINKELSTEIN
Notary Public, New York
No. 01FI4753752
Qualified in Queens County
Commission Expires 12/31/09

-4-