UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELANIE M. COLON,

        Plaintiff(s),

-against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),
------------------------------------------------------------X

Case No.:
07 CV 3369 (LAP) (AJP)

**REPLY TO DEFENDANTS' AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

    JOHN O'HALLORAN, ESQ., an attorney being duly admitted to practice law in the Federal Courts of the State of New York, Southern District, deposes and states the following:

    1.    I am an attorney with **THE LAW OFFICE OF THOMAS J. LAVIN, P.C.**, attorneys for the Plaintiff, **MELANIE COLON**, and as such am fully familiar with all of the facts and circumstances of the within action.

    2.    This affirmation is submitted in reply to the defendants' affirmation in opposition in opposition to the Plaintiff's Notice of Motion to Remand this action back to the Supreme Court of the State of New York, County of Bronx. Said motion is currently returnable before this Honorable Court on the 8th day of June, 2007.

### THE DEFENDANTS' REMOVAL PAPERS WERE PROCEDURALLY DEFECTIVE:

    3.    All parties appeared for a Pre-Trial Conference on May 22, 2007 before Honorable Magistrate Judge Andrew J. Peck. At said conference, Magistrate Peck determined, sua sponte, that the defendants' removal papers were defective, in that they failed to address the Plaintiff's allegation in her summons and verified complaint that defendant, Pigtainer, Inc., was a New York Corporation.

    4.    The defendants allege in paragraph 11 of their affirmation in opposition that the Plaintiff failed to preserve any potential argument regarding the citizenship of Pigtainer, Inc. by failing to address said issue in her motion to remand. The Plaintiff draws this Honorable Court's attention to the fact that Magistrate Peck determined, sua sponte, that the defendants' removal papers were defective on these grounds. Magistrate Peck has the authority to review the removal papers and make a determination if they are defective on their face.

5. Furthermore, Magistrate Peck required that the defendants provide case law supporting their position that they could remedy their defect beyond the 30 day removal period. The defendants have not cited one case to support an argument that they can remedy their defective removal papers beyond the 30 day removal period. The defendants fail to even address this issue in their affirmation in opposition at all. Thus, this case should be remanded to the State Court.

6. According to the defendants' own argument, the 30 day removal period began on March 28, 2007 with the service of Plaintiff's verified bill of particulars. Case law regarding federal removal indicates that a defect cannot be remedies beyond the 30 day removal period. Case law states that defendants seeking removal **must strictly comply** with all statutory requirements, and where there is doubt as to whether requirements have been satisfied, the case should be remanded, Bertrand v. Vingan, 89 F.Supp 1198.

7. At the time of the May 22, 2007 conference, the 30 day removal period had expired, which period would also cover the defendants' time to remedy their defect. Accordingly, Honorable Peck required that the defendants provide case law to support the position that they could remedy their defect after the 30 day removal period. The defendants have completely ignored this directive, and state instead that the Plaintiff is barred from making any arguments with regard to the citizenship of Pigtainer, Inc. Pursuant to the directives of Honorable Magistrate Andrew J. Peck, this argument is flawed and without merit.

## THE AMOUNT IN CONTROVERSY:

8.   The defendants argue in their affirmation in opposition that they are not required under 28 U.S.C. 1446 to serve a C.P.L.R. 3017(c) demand prior to removing a case to federal court. While 28 U.S.C. 1446 does not specifically require a C.P.L.R. 3017(c) demand, federal case law supports the Plaintiff's position that where a defendant does not utilize the available means of ascertaining the value of a Plaintiff's case by way of a C.P.L.R. 3017(c) demand, the defendant has not met his burden of proof for federal removal.

9.   Plaintiff's motion to remand cited Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000), which held that the "removing defendant has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." The defendants attempt to conclude that they have met their burden, however they are incorrect. The defendants have made no attempt to obtain the necessary information by way of a C.P.L.R. 3017(c) demand, requesting that the Plaintiff state the amount of money that she deems herself entitled to. Attached hereto as **Exhibit A** is a copy of redacted 3017(c) demand, which the defendants have never served upon the Plaintiff.

10.   Plaintiff's motion to remand further cited Gershoff v. Stop & Shop Supermarket Co., 2006 WL 1367397 (E.D.N.Y. 2006). The defendants attempt to draw distinctions between Gershoff, supra, and the case at bar so as to once again argue that they are not required under the law to serve a C.P.L.R. 3017(c) demand as a pre-requisite to filing for federal removal. Their analysis is flawed, and the defendants are attempting to misconstrue the holding in Gershoff.

11.   The Plaintiff reiterates the holding in Gershoff, supra, wherein the Court held that the defendant **"has not met its burden to establish the amount in controversy."** The Court remedied the effects of New York's Procedural Law on Removal to Federal Courts, as follows:

> **"Stop & Shop [defendant] is not without recourse. The same state law provision that prohibited Gershoff [plaintiff] from including an allegation in her complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Stop & Shop can ascertain the existence of facts necessary to invoke federal jurisdiction:**
> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request."

To date, the defendants have never served the Plaintiff with such a demand and as such, they have failed to utilize their available means of "intelligently determining removability."

## LACK OF DIVERSITY OF CITIZENSHIP OF THE PARTIES:

12. The defendants argue that removal is proper because Salem Truck Leasing is a nominal defendant. This assertion is entirely incorrect. It is the Plaintiff's position that there is in fact a viable claim against defendant Salem Truck Leasing, Inc. and as such, there is a lack of diversity of citizenship of the parties.

13. The lease maintained between defendants Salem Truck Leasing and Bernadino Bernabe Gutierrez indicates that Salem Truck Leasing, Inc. is responsible for the maintenance and services of the leased vehicle (see Exhibit E of Plaintiff's Motion to Remand). Specifically, Salem Truck Leasing, Inc. is to provide, inter alia, oil, lubricants, tires, tubes and all other operating supplies and accessories necessary for the proper operation of the vehicle, in addition to maintenance and repairs which may be required to keep the vehicle in good operating condition and appearance.

14. The defendants attempt to argue in their affirmation in opposition that their vehicle was properly maintained, therefore the Plaintiff cannot establish a claim against defendant Salem Truck Leasing. The defendants support this position by providing a self serving affidavit from the **defendant driver** (see defendants' Exhibit E), indicating that he personally inspected his truck in the morning before the accident. Plaintiff once again draws this Honorable Court's attention to the lease agreement (see Exhibit E of Plaintiff's Motion to Remand), wherein it specifically states that the defendant **Salem Truck Leasing** is responsible for vehicle maintenance, **not the defendant driver**, Bernardin Gutierr Bernabe. In view of the fact that Salem Truck Leasing was contractually responsible for all maintenance of the defendants' vehicle, the defendant driver cannot attest to whether or not the vehicle was maintained in safe and non-negligent manner. It is noteworthy that the defendants have not provided the Court with any maintenance records to support defendants Bernabe's claim that he regularly inspected the vehicle and maintained it in a non-negligent manner.

15. The defendants further attempt to cause confusion, arguing that the Plaintiff's complaint **does not allege criminal wrongdoing**. The Plaintiff respectfully reiterates that she is only alleging that the defendant Salem Truck Leasing **was negligent** in the maintenance of their vehicle, not that there was any criminal wrongdoing on their part. The Graves Amendment states, in pertinent part, that an owner of a motor vehicle that rents or leases the vehicle to a person shall not be liable for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle, provided that "**(2) there is no negligence or criminal wrongdoing on the part of the owner...**" The Graves Amendment immunized leasing companies from vicarious liability, but **not against negligent maintenance or** negligent entrustment. As previously indicated in Plaintiff's Motion to Remand, both the Plaintiff's summons and complaint and her bill of particulars alleged that the defendants, including Salem Truck Leasing, were **negligent in the maintenance and management of their vehicle.**

16. The citizenship of the defendant, Salem Truck Leasing, should not be ignored.

Defendants Salem Truck Leasing are not nominal defendants. Plaintiff respectfully reiterates her contention that at this juncture, it has not been determined what was the cause of the Plaintiff's accident on the part of the defendants. Negligent maintenance and management of the defendants' vehicle could have caused or contributed to the Plaintiff's accident, which negligence would be directly attributed to defendant Salem Truck Leasing, Inc. The defendants' depositions have not yet taken place, and as such, it cannot be determined at this time that defendant Salem Truck Leasing, Inc. is free from negligence.

17. It is respectfully submitted that the Notice of Removal is not in accordance with the provisions contained in 28 U.S.C. Section 1446(c)(4). There is no diversity of citizenship, as the Plaintiff, Melanie Colon, is a resident of New York State and the defendant, Salem Truck Leasing, Inc. maintains a principle place of business in New York State. Furthermore, the defendants have failed to provide case law indicating that they can remedy their defective Notice of Removal, as was required by Honorable Magistrate Andrew J. Peck at the Pre-Trial Conference of May 22, 2007.

18. It is also respectfully submitted that the Court remand this matter back to the State Supreme Court, Bronx County, for disposition, for the following reasons:

(a) **Lack of Diversity of Citizenship:** The defendant leasing Company, Salem Truck Leasing, is not a nominal party, as their leasing agreement retains the duty to maintain and inspect the vehicle. Under the Graves Amendment, there is an exception for the lessor's negligence and the Plaintiff has alleged negligent maintenance in both her summons and complaint and her bill of particulars.

(b) **The Removal Papers were Defective:** The defendants' removal papers were procedurally defective in that they failed to address the Plaintiff's allegation that defendant Pigtainer was a New York Corporation. The defendants have further failed to comply with the directives of Magistrate Peck, who required the defendants to cite case law that they could remedy their defect past the 30 day removal period. Thus, under Federal case law, the case should be remanded to State Court.

(c) **The Amount in Controversy:** The defendants' removal papers were further defective, in that the defendants made no attempt to intelligently ascertain removability by serving a C.P.L.R. 3017(c) demand to ascertain the exact amount in controversy. Therefore, the defendants' removal papers have not intelligently established that the Plaintiff's damages exceed the statutory amount and thus, the defendants' removal papers are procedurally defective.

WHEREFORE, it is respectfully submitted that the instant motion be granted, remanding the present action back to Supreme Court of the State of New York, County of Bronx, under Index Number 7519/07 for disposition, together with such other and further relief as this Court may deem just, proper and equitable.

Dated:   BRONX, NY
         June 6, 2007

                                              Yours, etc.,
                                              THE LAW OFFICE OF THOMAS J. LAVIN, P.C.
                                              Attorneys for Plaintiff
                                              MELANIE M. COLON
                                              2980 Bruckner Boulevard
                                              Bronx, NY 10465
                                              (718) 829-7400

                                              */s/ John O'Halloran*

                                        By:   JOHN O'HALLORAN, ESQ. (JO-8715)

TO:   Hardin, Kundla, McKeon & Poletto, P.A.
      Attorneys for Defendants
      BERNARDIN GUTIERR BERNABE,
      PIGTAINER INC. & SALEM
      TRUCK LEASING INC.
      110 William Street
      New York, New York 10038
      (212) 571-0111

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MELANIE M. COLON,

        Plaintiff(s),

    -against-

BERNARDIN GUTIERR BERNABE and
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,

        Defendant(s),
-------------------------------------------------------------X

Case No.:
07 CV 3369 (LAP) (AJP)

**REPLY TO DEFENDANTS' AFFIRMATION IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

### THE LAW OFFICE OF THOMAS J. LAVIN
*Attorneys for Plaintiff*
**2980 Bruckner Boulevard
Bronx, NY 10465
(718)829-7400**

TO:   Hardin, Kundla, McKeon & Poletto, P.A.
       Attorneys for Defendants
       BERNARDIN GUTIERR BERNABE,
       PIGTAINER INC. & SALEM TRUCK
       LEASING INC.
       110 William Street
       New York, New York 10038
       (212) 571-0111