```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
MELANIE M. COLON,                     :
            Plaintiff,                :
                                                    07 Civ. 3369 (AJP)
       -against-                      :
                                                    OPINION AND ORDER
BERNARDIN GUTIERR BERNABE,            :
SALEM TRUCK LEASING, INC. and
PIGTAINER INC.,                       :
            Defendants.               :
------------------------------------- x
```

**ANDREW J. PECK, United States Magistrate Judge:**

On February 7, 2007, plaintiff Melanie Colon brought this action in Supreme Court, Bronx County, against defendants Bernardin Bernabe, Salem Truck Leasing, Inc., and Pigtainer Inc. (Dkt. No. 1: Notice of Removal, Att.: Summons & Compl.)  On April 27, 2007, defendants filed a Notice of Removal on the basis of diversity jurisdiction. (Dkt. No. 1: Notice of Removal.)  Presently before the Court is Colon's motion to remand the action to state court. (Dkt. No. 10: Notice of Motion to Remand.)  The parties have consented to determination of this action by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 12.)

For the reasons set forth below, because Colon is a citizen of New York and Salem is a New York corporation and not a "nominal" defendant as defendants assert, diversity jurisdiction is lacking, and therefore Colon's motion to remand is GRANTED.

## FACTS

**The Complaint**

This action arises from a September 7, 2006 motor vehicle accident. (Dkt. No. 1: Notice of Removal, Att.: Compl. ¶ 29.) Plaintiff Melanie Colon alleges that she sustained personal injuries when she was struck by a tractor trailer driven by Bernardin Bernabe and owned by Salem which leased it to Pigtainer. (Compl. ¶¶ 9-19, 27-30.) The complaint alleges that both Salem and Pigtainer were responsible for maintaining the tractor trailer. (Compl. ¶¶ 20-21.) Colon's complaint alleges "[t]hat Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing." (Compl. ¶ 32.)

The complaint alleges that Colon is a citizen of New York (Compl. ¶ 2); that Salem is incorporated in New York and with its principal place of business in New York (Compl. ¶¶ 2, 4); that Pigtainer is incorporated in New York with its principal place of business in New Jersey (Compl. ¶¶ 6, 8); and that Bernabe is a citizen of New Jersey (Compl. ¶ 3). Defendants' answer to the complaint, filed in state court, admits these allegations as to Bernabe and Salem (Notice of Removal, Att.: Ans. ¶¶ 2-4), admits that Pigtainer's principal place of business is in New Jersey, but denies that Pigtainer is incorporated in New York (Ans. ¶¶ 6, 8).[1]

---

[1] In an affidavit submitted in opposition to plaintiff's motion to remand, defendants stated that Pigtainer "is a domestic corporation of the State of New Jersey. . . . [Pigtainer] is not incorporated in the State of New York." (Dkt. No. 13: Blaxill Aff. Ex. E: Essenfeld Aff. ¶¶ 3-4.)

**Defendants' Notice of Removal**

On April 27, 2007, defendants filed a Notice of Removal based on diversity pursuant to 28 U.S.C. §§ 1332(a) and 1441. (Dkt. No. 1: Notice of Removal.) Defendants allege that:

> The above-described civil action is one in which this court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, and is one which may be removed to this court by the petitioners, the defendants herein, pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, <u>and is between citizens of different states</u>.

(Notice of Removal ¶ 1, emphasis added.) The Notice of Removal stated that plaintiff is a citizen of New York, Bernabe is a citizen of New Jersey, Pigtainer has its principal place of business in New Jersey, and that while Salem is a New York corporation, Salem "is a nominal defendant and its presence in the action cannot defeat diversity jurisdiction." (Notice of Removal ¶¶ 5-8, 10.) Specifically, defendants asserted that Salem owned the tractor trailer and leased it to Pigtainer/Bernabe, and that pursuant to 49 U.S.C. § 30106, the lessor is not liable for accidents arising out of the leased vehicle's operation. (Notice of Removal ¶ 5.)

## ANALYSIS

**BECAUSE THE REQUIREMENTS FOR DIVERSITY JURISDICTION HAVE NOT BEEN MET, THIS CASE IS REMANDED TO STATE COURT**

An action brought in state court that could have been brought in federal court based on diversity jurisdiction is removable to federal court. 28 U.S.C. § 1441(a)-(b). Section 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

4

>where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
>(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §§ 1441(a)-(b); see generally 14B Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d §§ 3721, 3723.

Federal courts have jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332(a), which provides that:

>The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
>(1) citizens of different States; . . .

28 U.S.C. § 1332(a)(1).

It is, of course, black letter law that diversity jurisdiction requires complete diversity of the parties:

>To sustain the jurisdiction of a federal court on the ground of diversity of citizenship under 28 U.S.C.A. § 1332(a)(1), there must be complete or total diversity, such that all parties on one side of the controversy must be of diverse citizenship from those on the other side. In other words, all of the parties on one side of the controversy must be citizens of different states from all of the parties on the other side. To put it another way, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. A federal court has no jurisdiction on the basis of diversity of citizenship where the opposite parties or any two of the opposite parties to a controversy are citizens of the same state, where such parties are indispensable or necessary parties.

32A Am. Jur. 2d Federal Courts § 636 (fns. & citations omitted); accord, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 & n.3, 117 S. Ct. 467, 472 & n.3 (1996) (Under the "'complete diversity'" rule, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); City of Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 69, 62 S. Ct. 15, 17 (1941) ("[T]he governing principles are clear. To sustain diversity jurisdiction there must exist an 'actual,' 'substantial,' controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side.") (citations omitted); Montana Mining Co. v. St. Louis Mining & Milling Co., 204 U.S. 204, 213, 27 S. Ct. 254, 255-56 (1907) (For diversity jurisdiction to exist "the citizenship of all parties on one side must be diverse from that of those on the other."); see generally, Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d §§ 3605-06.

The "complete diversity" rule applies equally to cases removed from state court based on diversity. See Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3723 at 559 ("Since an action is not removable under Section 1441 from a state to a federal court unless it might have been brought originally in a federal court, is not surprising – and the cases make it clear – that the basic principles of diversity of citizenship jurisdiction, such as the requirement of complete diversity between all plaintiffs and all defendants and the amount in controversy requirement, are fully applicable to removal jurisdiction under Section 1441(b).") (footnotes omitted).

It is undisputed that plaintiff Melanie Colon is a citizen of New York, and that defendants Bernabe and Pigtainer are citizens of New Jersey. (See page 2 above; see also Dkt. No. 13: Blaxill Aff. ¶¶ 8-11.) It also is undisputed that Salem is "a domestic business corporation, duly

organized and existing under and by virtue of the laws and the State of New York" and that Salem "maintained a principle place of business in the County of Kings, State of New York." (Compl. ¶¶ 2, 4; Answer ¶¶ 2, 4.) For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Therefore, defendant Salem is a citizen of New York, as is plaintiff Colon.

Defendants, however, argue that Salem is a "nominal party" whose "citizenship and presence in this matter shall not defeat diversity jurisdiction." (Blaxill Aff. ¶ 12.) Defendants claim that Salem is a "nominal party" because liability against Salem is barred by the "Rented or leased motor vehicle safety and responsibility" statute, 49 U.S.C. § 30106. (Blaxill Aff. ¶¶ 18-20.) Section 30106 provides:

> (a) In general. – An <u>owner of a motor vehicle that rents or leases the vehicle</u> to a person (or an affiliate of the owner) <u>shall not be liable under the law of any State</u> or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, <u>if</u> –
>
> (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> (2) <u>there is no negligence</u> or criminal wrongdoing <u>on the part of the owner</u> (or an affiliate of the owner).

49 U.S.C. § 30106(a) (emphasis added).[2]

---

[2] One New York trial court, after reviewing decisions concerning § 30106, held it unconstitutional. <u>Graham</u> v. <u>Dunkley</u>, 13 Misc. 3d 790, 806, 827 N.Y.S.2d 513, 525 (Sup. Ct. Queens Co. 2006). The constitutionality of § 30106 has not been raised by the parties in this action and is not before this Court.

7

The determination of whether complete diversity existed for removal purposes is equivalent to the standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "may refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).[3/]

Here, both parties submitted to the Court the "Truck Lease and Service Agreement" by which Salem leased the vehicle to Bernabe. (Dkt. No. 10: O'Halloran Aff. in Support of Motion to Remand ¶ 13 & Ex. E: Salem "Truck Lease and Service Agreement"; Dkt. No. 13: Blaxill Aff. in Opposition to Plaintiff's Motion to Remand ¶ 16 & Ex. G.) The "Truck Lease and Service Agreement," which appears to be a Salem standard form agreement, specifically states that Salem is responsible to maintain the vehicle:

> Paragraph (3) **MAINTENANCE AND SERVICES**
>
> A.  Salem agrees to provide:
>
>   1.  Oil, lubricants, tires, tubes, and all other operating supplies and accessories necessary for the proper operation of the Vehicle;
>
>   2.  Maintenance and repairs which may be required to keep the Vehicle in good operating condition and appearance; . . .

(O'Halloran Aff. Ex. E: "Truck Lease and Service Agreement" ¶ 3(A)(1)-(2).)

---

[3/] See also, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may inquire by affidavits or otherwise, into the facts as they exist."); Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976); Brown v. DeFrank, 06 Civ. 2235, 2006 WL 3313821 at *14-16 & nn.1, 4 (S.D.N.Y. Nov. 15, 2006) (Peck, M.J.) (citing cases); Masters v. Wilhelmina Model Agency, Inc., 02 Civ. 4911, 2003 WL 145556 at *1 (S.D.N.Y. Jan. 17, 2003).

8

Colon's complaint clearly alleges that Salem owned the tractor trailer and leased it to Bernabe/Pigtainer. (Compl. ¶¶ 9, 12-13, 27-29.) The complaint further alleges that Salem "maintained the aforementioned Tractor Trailer vehicle." (Compl. ¶ 20.) Finally, the complaint alleges that the September 7, 2006 automobile accident was caused by defendants' negligence (Compl. ¶¶ 29, 31), and that "Defendants were negligent, careless and reckless in the . . . maintenance . . . of the aforesaid vehicle. . . ." (Compl. ¶ 32; see also Dkt. No. 14: O'Halloran Reply Aff. ¶¶ 14-15). Section 30106 only excludes a vehicle's lessor from liability if "there is no negligence . . . on the part of the owner." 49 U.S.C. § 30106.[4/] The complaint brings Salem within that exception for the lessor's negligent maintenance of the vehicle.

Defendants do not assert that Colon's allegation of Salem's negligence is not well-pleaded. Both the C.P.L.R. and the Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see C.P.L.R. 3013-16. Rather than relying on Bernabe's affidavit, defendants claim that the "subject motor vehicle was

---

[4/] The statutory language is quite clear. The legislative history also makes clear that § 30106 means what it says, i.e., that the owner-lessor remains liable if at fault, such as for negligent maintenance. E.g., 151 Cong Rec. H1034-01, 2005 WL 556038 (Cong. Rec. 2005) at *H1200 (Rep. Graves, sponsor of the provision: "I want to emphasize, I want to be very clear about this, that this provision will not allow car and truck renting and leasing companies to escape liability if they are at fault."); id. at *H1200 (Rep. Blunt: "The . . . amendment will establish a fair national standard for liability: A rental or leasing company will only be liable in instances where the company is negligent or at fault."); id. at *H1202 (Rep. Smith: "The Graves-Boucher amendment would create a national standard, providing that vehicle rental companies can only be held liable in situations where they have actually been negligent. This amendment in no way lets companies off the hook when they have been negligent."); id. at *H1202 (Rep. Graves: "This proposal would not exempt rental and leasing companies from the liability involved with their equipment. They are still liable and should be liable for negligence when it deals with their equipment, but they should not be [vicariously] liable for the actions of drivers.").

properly maintained and in proper working condition, both before and after the subject accident." (Blaxill Aff. ¶¶ 17, 20 & Ex. G: Bernabe Aff. ¶ 10.)  While defendants may ultimately prevail, the Court cannot rely on Bernabe's affidavit on questions of <u>liability</u> (as opposed to showing jurisdictional facts such as place of incorporation) on this motion to remand.  See, e.g., <u>Brown</u> v. <u>DeFrank</u>, 2006 WL 3313821 at *15-16 (discussing motion to dismiss standards, and noting that "[t]he Court's role in deciding a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.  [T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") (citations & internal quotations omitted); 13B Wright, Miller & Cooper, <u>Federal Practice & Procedure: Jurisdiction 3d</u> § 3721 at 331 ("[T]he defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case.  Thus, a nondiverse codefendant may not remove a case to federal court on the theory that because it was not liable to the plaintiff, it should be disregarded for removal jurisdiction purposes.  In such a situation, the question of the defendant's liability should be adjudicated in the state forum and not, de facto, in the context of procedures such as removal.") (fns. citing cases omitted).

This Court has some concern that plaintiffs can defeat the spirit of § 30106, and also prevent removal, by merely alleging that the non-diverse automobile renting and leasing company was negligent in maintaining the vehicle.  The state legislature could remedy that by amending C.P.L.R. § 3016(g), to require pleading details in claims of negligent maintenance against an automobile lessor.  In the meantime, the Courts are free to use Federal Rule of Civil Procedure 11

and its state counterpart, N.Y. Comp. Codes R. & Regs. tit. 22, §§ 130-1.1, 130-1.1a, to sanction parties and/or counsel for frivolous conduct.

For these reasons, Salem is not a "nominal party." Because defendant Salem and plaintiff Colon are both citizens of New York, complete diversity is lacking and this action is remanded.[5]

## CONCLUSION

For the reasons set forth above, Colon's motion to remand to Supreme Court, Bronx County is <u>GRANTED</u>. The Clerk of Court shall take the necessary steps for the remand.

DATED:    New York, New York
          July 19, 2007

                                         _____
                                         Andrew J. Peck
                                         United States Magistrate Judge

Copies to:   Thomas J. Lavin, Esq.
             David Blaxill, Esq.

---

[5]   The Court thus need not analyze the remaining arguments in Plaintiff's Motion to Remand.

H:\OPIN\COLONvBERNABE